UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Yuting Chen

Plaintiff,

v. Case No.: 1:25−cv−09284
Honorable Manish S. Shah

The Defendants Identified in Schedule A

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, August 19, 2025:

MINUTE entry before the Honorable Manish S. Shah: Plaintiff's ex parte motion [5] is denied in part, granted in part. The court authorizes early expedited discovery to identify defendants and alternative service of process, but otherwise denies the motion. The court authorizes early, expedited discovery pursuant to Rules 26(d)(1) and 45 to third parties to provide discovery in aid of identifying defendants and serving process. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e−mail addresses. Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Verified Complaint, this Order, and other relevant documents on a website and by sending an e−mail with a link to said website to the e−mail addresses known to Plaintiff and any e−mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "The Individuals and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e−mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections. All other ex parte relief is denied. Any evaluation of the merits or likelihood of success in this case against over 100 defendants should not proceed without adversarial presentation. The risk that defendants will move assets is not a good reason to proceed ex parte when extraordinary equitable relief like asset restraints are not to be used in aid of collection of damages, and the court doubts plaintiff has any intention to pursue an accounting as opposed to statutory damages. Plaintiff's reference to the United States District Court for the Western District of Pennsylvania in its caption for this case in the motion [5] suggests that plaintiff's counsel is not reliable, and this court should not proceed without the benefit of adversarial

presentation. The clerk shall unseal all filings. Notices Mailed. (psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.